IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-01634-PAB

JEREMY J. PEOPLES,

      Applicant,

v.

JOE ORTIZ, Executive Director CDOC, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant Jeremy J. Peoples is a prisoner in the custody of the Colorado

Department of Corrections at the Arkansas Valley Correctional Facility in Crowley,

Colorado. Mr. Peoples has filed a *pro se* Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Jefferson

County District Court in Criminal Case No. 01CR722. In an Order filed on

September 12, 2006, Judge Wiley Y. Daniel, who was formerly assigned to this case,

directed Respondents to file an Answer to the Application, which they did on

October 27, 2006. Mr. Peoples filed a Traverse on November 27, 2006.

     I must construe Mr. Peoples' Application and Traverse liberally because he is

representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I cannot act as a *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an

evidentiary hearing is not necessary. For the reasons stated below, the Amended

Application [Docket No. 5] will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Originally, Mr. Peoples was charged with two counts of first degree murder after

deliberation in the Jefferson County case. The charges arose out of an incident on

March 16, 2001, wherein Mr. Peoples got into an altercation with George and Steve

Murillo. Mr. Peoples ran into the apartment of his friends Brenda Romera and Eugene

Chavez. The Murillos followed and got into a fight outside of the apartment with Mr.

Chavez. Mr. Peoples then shot and killed the Murillos.

Mr. Peoples filed a motion to dismiss the charges in Jefferson County based on

an immunity defense under Colo. Rev. Stat. § 18-1-704.5, the so-called "Make My Day"

law, allowing occupants of dwellings to use deadly force against intruders in certain

circumstances. The state trial court, following an evidentiary hearing on November 20,

2001, denied the motion, concluding that Mr. Peoples had failed to establish by a

preponderance of the evidence that either (a) the victims had entered the apartment

where Mr. Peoples was located or (b) Mr. Peoples was inside the apartment when he

shot the victims.

Mr. Peoples subsequently pled guilty to two counts of reckless manslaughter in

exchange for the dismissal of the original charges. Mr. Peoples filed a direct appeal

claiming the trial court erred in concluding that he was not entitled to a finding of

immunity from criminal prosecution under § 18-1-704.5. The Colorado Court of

Appeals affirmed the judgment and sentence. *State of Colorado v. Peoples*, No.

02CA1070 (Colo. App. Oct. 23, 2003) (unpublished). Mr. Peoples filed a petition for

2

writ of certiorari with the Colorado Supreme Court, which was denied on May 17, 2004. *Peoples v. State of Colorado*, No. 03SC810 (May 17, 2004) (unpublished).

Mr. Peoples sets forth two claims in this action. In Claim One, he asserts that his Sixth and Fourteenth Amendment rights were violated when the trial court denied his motion to dismiss. In Claim Two, Mr. Peoples asserts that the trial court violated his Sixth and Fourteenth Amendment rights because he is actually innocent. Respondents concede that Mr. Peoples has exhausted Claim One, his immunity defense claim. With respect to Claim Two, Respondents argue that, even though Applicant has not exhausted his state court remedies, the claim should be denied on the merits.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### A. Section 2254(d)(1) – Unreasonable Application of Clearly Established Federal Law

The threshold question pursuant to § 2254(d)(1) is whether the trial court applied unreasonably federal law that was clearly established by the Supreme Court at the time. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law

"refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. As the Tenth Circuit Court of Appeals has explained:

> [C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice.* Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, pursuant to § 2254(d)(1) the inquiry ends. *Id.* at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05. Pursuant to *House,*

> A state-court decision is contrary to clearly established federal law if: (a) the state court applies a rule that contradicts the governing law set forth in Supreme Court cases; or (b) the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent. The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018 (internal citations and quotation marks omitted).

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

B.    Section 2254(d)(2) – Unreasonable Determination of the Facts

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct, and Mr. Peoples bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable

5

determination of the facts in light of the evidence presented." *Id.* at 1178. "This 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

### III. MERITS OF THE CLAIMS

A.    Section 2254(d)(1)

Mr. Peoples' Amended Application [Docket No. 5] states that he makes his claims pursuant to the Sixth and Fourteenth Amendments. The Court will address each in turn.

Mr. Peoples claims that his Sixth Amendment rights were violated when the trial court denied his motion to dismiss based on the immunity defense set forth in Colo. Rev. Stat. § 18-1-704.5. Mr. Peoples, however, does not assert any facts or make any arguments that would support a Sixth Amendment claim. The Sixth Amendment to the U.S. Constitution provides safeguards in criminal prosecutions concerning the rights to a speedy and public trial by an impartial jury, to be informed of the nature and cause of the accusation, to be confronted by witnesses, to be able to obtain witnesses, and to have assistance of counsel. Mr. Peoples does not allege that the trial court violated any of these rights. Thus, his Sixth Amendment claim is denied.

Mr. Peoples also asserts that his Fourteenth Amendment rights were violated. It is not clear, however, what rights under the Fourteenth Amendment he invokes. In his Traverse [Docket No. 15], he refers to a violation of "due process under the 6th Amendment." Traverse at 2. While no such Sixth Amendment right exists in the context of this case, Mr. Peoples could be arguing that his due process rights under the Fourteenth Amendment were violated. Later in the Traverse he states that "[b]y

refusing to extend to Mr. Peoples the statutory immunity to which he is entitled the trial court violated his fundamental constitutional rights to due process under the United States Constitution." Traverse at 8. Thus, the Court will construe the Amended Application to assert that the trial court violated Mr. Peoples' due process rights under the Fourteenth Amendment by rejecting his immunity claim.

Regardless of what federal rights Mr. Peoples asserts, it is clear that the state court did not unreasonably apply federal law in connection with either Mr. Peoples' hearing on the motion to dismiss or the change of plea hearing wherein he pled guilty to manslaughter. At the November 20, 2001 evidentiary hearing, the court applied state law, namely, Colo. Rev. Stat. § 18-1-704.5. Mr. Peoples does not claim that federal law was applied at such hearing. In fact, Mr. Peoples acknowledges that "[t]he sole issue presented here is the trial court erred, given the undisputed facts, in not finding Mr. Peoples immune from prosecution." Traverse at 8. Given that federal law was not applied at the November 20, 2001 hearing, Mr. Peoples has failed to make out a claim under 28 U.S.C. § 2254(d)(1) regarding that proceeding. *See also Mabry v. Johnson*, 467 U.S. 504, 507 (1984) ("Respondent can obtain federal habeas corpus relief only if his custody is in violation of the Federal Constitution.").

Even if the trial court had unreasonably applied clearly-established federal law, Mr. Peoples waived any such claim by subsequently pleading guilty to reduced charges. As the Colorado Court of Appeals stated:

> Defendant contends that the evidence at the motion hearing established all the elements for immunity under § 18-1-704.5 and that the trial court therefore erred in denying his motion. The People assert that defendant waived the contention by entering his guilty plea. We agree with the People.

7

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *People v. Kyler*, 991 P.2d 810, 816 (Colo. 1999) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711-12, 23 L. Ed. 2d 274 (1969)); *see* § 16-7-206(3), C.R.S. 2002 (court's acceptance of guilty plea "acts as a conviction for the offense").

Thus, by pleading guilty a defendant admits committing the crime charged. Accordingly, a challenge to a conviction entered on a guilty plea is normally limited to the issue of whether the plea was voluntary and intelligent. *Patton v. People*, 35 P.3d 124, 128 (Colo. 2001); *People v. Kyler, supra*. As a narrow exception to this rule, a defendant may collaterally attack a guilty plea where the court lacked the power to enter the conviction or impose the sentence. *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 762, 102 L. Ed. 2d 927 (1989). A defendant seeking to set aside a prior conviction resulting from a guilty plea "must initially make a prima facie showing that the guilty plea was constitutionally infirm." *Patton v. People, supra*, 35 P.3d at 132 (quoting *People v. Wade*, 708 P.2d 1366, 1368 (Colo. 1985)).

In *Patton*, the supreme court held that a defendant could challenge a conviction entered on a guilty plea where a double jeopardy violation was apparent on the face of the information and the guilty plea record.

Here, however, defendant is not raising a constitutional challenge, but instead is contending that the trial court erred in finding that the evidence at the hearing on his motion to dismiss did not establish that he met the requirements for immunity under § 18-1-704.5. Because defendant's contention does not implicate the constitutionality of his conviction or the power of the trial court to have entered it, we conclude that defendant waived it by pleading guilty to the manslaughter counts.

*State of Colorado v. Peoples*, No. 02CA1070 at 2-4.

I agree with the reasoning of the Colorado Court of Appeals. A defendant generally waives all constitutional challenges, except those concerning the plea itself, when he voluntarily and knowingly enters a plea of guilty. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he

is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Mr. Peoples does not challenge the voluntariness of his guilty plea in his Application. He does, however, assert in his Traverse that he was faced with the possibility of two life sentences without parole if he did not accept a plea agreement. Traverse at 2-3. He further contends that the State did not, as part of his plea agreement, require him to waive any challenges to the plea. Traverse at 3. Nonetheless, he does not state, nor do the attached briefs indicate, that he challenged the voluntariness of his guilty plea in any of his state proceedings. Furthermore, simply because Mr. Peoples had to decide whether to face the possibility of being convicted of two life sentences if he proceeded to trial, as opposed to agreeing to a lesser sentence in a plea agreement, does not indicate that his plea was involuntary or unintelligent. *See Chaffin v. Stynchcombe*, 412 U.S. 17, 29-33 (1973) (no constitutional violation from plea bargains that require defendant to make difficult choices).

Therefore, Mr. Peoples' claim that his due process rights were violated when the trial court denied his motion to dismiss must be dismissed.

B. Section 2254(d)(2)

As previously discussed, under 28 U.S.C. § 2254(d)(2), Mr. Peoples bears the burden of rebutting the presumption that the state court's factual determinations at the November 20, 2001 hearing are correct. Mr. Peoples challenges the trial court judge's finding that he failed to meet the preponderance of the evidence standard required to find a defendant immune from prosecution under § 18-1-704.5. Traverse at 3-9. Mr.

Peoples claims that although the trial court stated that its decision to deny the motion to dismiss was based solely on the unreliability of one witness, the trial court improperly disregarded at least three other witnesses who stated that the victims were the aggressors and entered the apartment where Mr. Peoples was located. Traverse at 3-9.

Mr. Peoples is asking this Court to retry the evidence or redetermine the credibility of the witnesses. Section 2254(d) does not give federal courts a "license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). A trial court's credibility determination is owed great deference. *Patton v. Yount*, 467 U.S. 1025, 1038 (1984). The trial court's determination of the facts at the evidentiary hearing is subject to review under 28 U.S.C. § 2254(d)(2) and would only merit the granting of a habeas corpus application if the trial court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

At the November 20, 2001 hearing, the State court concluded that Mr. Peoples met his burden of proof on a number of the elements in § 18-1-704.5. *State of Colorado v. Peoples*, No. 01CR722, Transcript, Nov. 20, 2001, Hrg. at 181-183. On the issue of whether the victims entered the apartment, Mr. Peoples offered one witness – Mr. Rodriguez. *Id.* at 128-30. Mr. Rodriguez contradicted his earlier statement made to the police that the victims were in the apartment by testifying that neither of the victims came into the apartment where Mr. Peoples was located. *Id.* at 166. The trial court judge concluded that Mr. Rodriguez was not a credible witness. *Id.* at 186, 188.

10

Therefore, the trial court judge refused to rely on Mr. Rodriguez's testimony and concluded that the evidence did not prove by a preponderance of the evidence that the victims had been in the apartment before they were shot by Mr. Peoples. *Id.* at 189. Mr. Peoples therefore failed to meet his burden of proof on the statutory element of "into the dwelling" and as a result failed to prove by a preponderance of the evidence that he was immune from prosecution. *Id.*

As stated above, a trial court's determination of a witness's credibility is owed great deference. Nothing in the trial court transcript gives this Court cause to redetermine the credibility of the witnesses at the November 20, 2001 hearing. This Court finds that the trial court judge's findings regarding whether the victims were in the apartment where Applicant was located at the time of the shooting to be based on a reasonable determination of the facts. Claim One, therefore, lacks merit and will be denied.

Claim Two is no more than a restatement of Claim One. Mr. Peoples asserts in Claim Two that he is innocent because he has a right to be immune from being prosecuted when he defends himself and others from harm caused by other individuals. Based on the findings under Claim One, the Court will also deny Claim Two on the merits.

Accordingly, it is

ORDERED that the Amended Application [Docket No. 5] is DENIED and this action is DISMISSED WITH PREJUDICE. It is further

11

ORDERED that each party shall bear his own costs and attorney's fees.

DATED at Denver, Colorado, this *24th* day of December, 2008.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge